TO BE PUBLISHED

# Supreme Court of Kentucky

## 2019-SC-000677-KB

ERIC SHANE GRINNELL                                    MOVANT

V.                          IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                          RESPONDENT

### OPINION AND ORDER

Eric Shane Grinnell was admitted to the practice of law on April 20, 2011. His membership number is 94044, and his bar roster address is 108 Whispering Wood Drive, Richmond, Kentucky 40475.

Grinnell moves this Court to impose upon him a 1-year suspension from the practice of law, 180 days to serve, 185 days probated for 2 years with conditions for the violation of various Rules of Professional Conduct contained in 14 disciplinary cases. The Kentucky Bar Association (KBA) states no objection to Grinnell's motion, which was negotiated under SCR[1] 3.480(2). Finding this sanction to be inadequate, we reject Grinnell's motion and remand to the KBA for further proceedings.

---

[1] Rules of the Supreme Court.

# I. BACKGROUND.

The current case spans 14 consolidated KBA files and 55 counts. The charges demonstrate a pattern of neglect and disregard for the interests of his clients. We address each in turn.

## A. KBA File Number 23669.

Michael Johnson hired Grinnell in April of 2014 to represent him in an Indiana custody matter and with related allegations made against Johnson and his girlfriend. Johnson paid Grinnell $5,300 for the representation. Johnson had difficulty getting Grinnell to file a motion for modification of custody, and repeatedly requested Grinnell move forward with the motion.

Johnson eventually requested a refund of the unearned portion of his fee, and Grinnell offered to refund $3,800 on the condition Johnson sign a letter promising not to sue Grinnell. Johnson requested an accounting as to how the fee might have been earned, but Grinnell failed to produce one. When the KBA asked Grinnell to produce copies of his client file, Grinnell provided only copies of draft documents and an unsigned, undated letter that he purportedly sent to Johnson.

The Inquiry Commission filed a 5-count charge against Grinnell for his misconduct in representing Johnson. The charge alleges the following violations: (1) SCR 3.130(1.3) (for failing to act with diligence and promptness in representing his client); (2) SCR 3.130(1.4)(a)(5) (for failing to consult with his client about any relevant limitation on his conduct); (3) SCR 3.130(1.5) (for collecting a fee unreasonable to services actually provided to his client); (4) SCR 3.130(1.16)(d) (for abandoning the representation and failing to return the

2

unearned portion of the advanced fee after promising to do so); and (5) SCR 3.130(8.4)(c) (for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation by misrepresenting to Johnson that he could handle his case).

Grinnell admits his conduct violated SCR 3.130(1.3), SCR3.130(1.5), and SCR 3.310(1.16)(d), but moves this Court to dismiss Counts II (SCR 3.130(1.4)(a)(5)) and V (SCR 3.130(8.4)(c)). Inquiry Commission's Charge asserted that Grinnell was not licensed in Indiana and that Johnson had contacted the Indiana Bar Association and learned that Grinnell had never sought temporary admission in Indiana for his case. The Charge also states that Grinnell had charged Johnson extra for seeking admission in Indiana, but Grinnell had not done so. But in his Motion for Suspension, Grinnell represents to this Court that he was in fact admitted in Indiana pro hac vice.

**B. KBA File Number 23757.**

Lee Carol Mize paid Grinnell $1,500 to represent her in a divorce action in January of 2014. Mize paid Grinnell an additional $3,000 in October of 2014 but terminated the representation shortly thereafter. Mize stated that Grinnell gave her false information regarding her case, that he filed unnecessary emergency motions, that he failed to advise her of her court dates, and that he directed her to lie during a child support interview by saying she did not have an attorney. Mize requested a refund of her fees and a detailed invoice of services. Grinnell did not provide an invoice.

The Inquiry Commission filed a 2-count charge against Grinnell in Mize's case, alleging Grinnell violated: (1) SCR 3.130(1.5) (for charging a fee

unreasonable for services actually provided); and (2) SCR 3.130(1.16)(d) (for failing to provide any portion of the unearned advanced fee payment). Grinnell admits to violating both rules as charged.

## C. KBA File 16-DIS-24251.

Elizabeth Ann Griffin hired Grinnell to represent her in her divorce action in November 1, 2015, and paid Grinnell $3,000 by check. Griffin requested a copy of the fee contract that day but did not receive it. Grinnell advised Griffin that he would file an entry of appearance once her payment cleared and that he would meet with her again to obtain copies of relevant documents and decide how to proceed.

On November 8, Griffin advised Grinnell that she had all the relevant documents he requested, and on November 17, she told Grinnell sufficient funds were available to cash the check she had given him for payment. Griffin again requested a copy of the fee contract on November 17, but Grinnell offered instead to send her an unsigned copy and provide the signed copy later.

On December 1, 2, and 3, Griffin contacted Grinnell for an update but did not receive a response. Grinnell finally called Griffin back, but he stated he was at the courthouse and would call her back later that day. Grinnell did not call her back.

On December 7, Griffin spoke to Grinnell, and he claimed to have filed an entry of appearance, a motion for temporary child support, and a motion to change the date of a contested hearing scheduled for February 11. Griffin requested copies of the motions, but Grinnell did not provide them.

On December 15, Griffin went to the clerk's office and requested copies of the filings in her case, only to be told nothing had been filed since the Order for a Contested Hearing on October 16. Griffin left Grinnell a voicemail and text message later that day but did not hear back. She attempted to contact Grinnell again on December 16 and sent him a certified letter on December 17.

Grinnell finally contacted Griffin on December 23 to tell her he was on his way to pick up her certified letter. Griffin was away from the phone, but her mother explained that Griffin wanted a refund of her $3,000 payment. Grinnell said he would set up a conference call for December 29, but Griffin never heard from him again.

The Inquiry Commission filed a 5-count charge against Grinnell in Griffin's case, alleging the following violations: (1) SCR 3.130(1.3) (for failing to diligently provide the agreed upon legal services); (2) SCR 3.130(1.4)(a)(4) (for failing to promptly comply with a reasonable request for information); (3) SCR 3.130(1.5) (for collecting a fee unreasonable for the services actually provided); (4) SCR 3.130(1.6)(d) (for failing to return any portion of the unearned advanced fee payment after termination of representation); and (5) 3.130(8.4)(c) (for misrepresenting to the client the legal services he was actually providing her). Grinnell admits to all 5 rule violations.

### D. KBA File 16-DIS-0176.

Matthew Stevenson hired Grinnell in May of 2015 to represent him in a divorce action. Stevenson paid Grinnell $1,100. Grinnell filed the divorce petition on July 27, 2015. Stevenson did not hear much from Grinnell once the petition was filed, and Stevenson had trouble reaching Grinnell over the next

5

few months. Stevenson eventually learned that Grinnell had moved to Richmond, Kentucky, and had closed his northern Kentucky office without providing notice to Stevenson.

Stevenson finally reached Grinnell to schedule a court date in June of 2016. Stevenson was unable to reach Grinnell from June of 2016 until Stevenson filed a bar complaint on August 19, 2016.

Grinnell was personally served with a copy of the bar complaint on November 21, 2016 by the Madison County Sherriff's Office. Grinnell did not respond to the bar complaint despite receiving a notification, through the Office of Bar Counsel, that information regarding the complaint was needed and receiving a warning that failing to respond to that demand for information could result in additional charges.

The Inquiry Commission filed a 4-count charge against Grinnell for his misconduct in representing Stevenson. The charge alleges the following violations: (1) SCR 3.130(1.3) (for failing to diligently and promptly represent his client); (2) SCR 3.130(1.4)(a)(4) (for failing to promptly respond to reasonable requests for information from his client); (3) SCR 3.130(1.16)(d) (for abandoning representation of his client with no notice, and for failing to return any unearned portion of the advanced fee payment upon termination of the representation); and (4) SCR 3.130(8.1)(b) (for failing to respond to a lawful demand for information from an admissions or disciplinary authority). Grinnell admits to all 4 of the rule violations.

**E. KBA File 17-DIS-0370.**

Christy Whipple hired Grinnell in January of 2017 and paid him $1,700

6

for his representation in her divorce. Grinnell filed the divorce petition in March of 2017. Whipple requested information regarding her case from Grinnell, but he did not reasonably communicate with her or respond to her requests. Whipple's last communication with Grinnell was in July of 2017, and she filed her own divorce forms with the court, pro se, in September of 2017.

Whipple filed a bar complaint against Grinnell in October of 2017. Grinnell was served with the bar complaint by the Madison County Sherriffs Office on November 13, 2017, and again by the KBA Executive Director on November 17, 2017. Grinnell did not respond to the complaint.

The Inquiry Commission filed a 5-count charge against Grinnell for his misconduct in representing Whipple. The charge alleges the following violations: (1) SCR 3.130(1.3) (for failing to diligently and promptly represent his client); (2) SCR 3.130(1.4)(a)(2) (for failing to consult with his client about accomplishing her objectives in the divorce case); (3) SCR 3.130(1.4)(a)(4) (for failing to respond to his client's reasonable requests for information); (4) SCR 3.130(1.16)(d) (for abandoning representation of his client with no notice, and for failing to refund the unearned portion of the advanced fee payment upon termination of representation); and (5) SCR 3.130(8.1)(b) (for knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority). Grinnell admits to all 5 of the rule violations.

**F. KBA File 17-DIS-0425.**

Amy Crowder hired Grinnell in March of 2017 and paid him $500 for representation in an uncontested divorce action. Grinnell did little, if anything, to advance Crowder's case until she provided him with a Notice to Dismiss for

7

Lack of Prosecution issued by the court on May 1, 2017. Upon receipt of the Notice, Grinnell called the court, and an Order to Remain on the Docket was entered on May 24, 2017.

Crowder provided Grinnell with all the relevant documents she had in her case and attempted to obtain information from Grinnell regarding her case. Grinnell did not provide Crowder with any information and did not reasonably respond to her requests. Grinnell did not file or prepare any documents in the case or provide Crowder any legal advice. Crowder's divorce was finalized on February 14, 2018, after she filed her own Motion to Submit the matter to the court.

The Inquiry Commission filed a 4-count charge against Grinnell for his misconduct in representing Crowder. The charge alleges the following rule violations: (1) SCR 3.130(1.3) (for failing to act with reasonable diligence and promptness in representing his client); (2) SCR 3.130(1.4)(a)(3) (for failing to keep his client reasonably informed about the status of her pending case); (3) SCR 3.130(1.4)(a)(4) (for failing to promptly comply with reasonable requests for information from his client); and (4) SCR 3.130(1.16)(d) (for failing to refund the unearned portion of the advanced fee payment upon termination of representation). Grinnell admits to all 4 of the rule violations.

**G. KBA File 17-DIS-0258.**

Terry Whitney hired Grinnell in April of 2016 and paid him $1,000 for representation in a divorce action. Grinnell later asked for an additional $200 filing fee, which Whitney paid. From April to June of 2016, Whitney tried unsuccessfully to get an update on the matter from Grinnell. Grinnell finally

filed a petition for dissolution of marriage in August of 2016. Whitney asked Grinnell to advance the divorce matter several times and to update the court with Whitney's new address in Florida, but Grinnell did neither.

Grinnell filed nothing else in the case after the initial petition, and Whitney was left to file a pro se Motion and Order for Final Decree in his case. The court then set the matter for a Case Management Conference in August of 2019, but because Grinnell had not advised the court of Whitney's new address, Whitney never received the court's order, and he missed the court date. The Court advised the parties they could retain jurisdiction if they wished to pursue the matter in Kentucky, or they could do nothing, and the case would be dismissed. The divorce has not been resolved.

Grinnell was served with a bar complaint on August 23, 2017, as well as a letter, from the Office of Bar Counsel, requesting more information regarding the complaint and advising him that failure to respond to the request could result in additional charges of misconduct. Grinnell did not respond to the bar complaint.

The Inquiry Commission filed a 5-count charge against Grinnell for his misconduct in representing Whitney. The charge alleges the following rule violations: (1) SCR 3.130(1.3) (for failing to act with reasonable diligence and promptness in representing his client); (2) SCR 3.130(1.4)(a)(2) (for failing to consult with his client about his objectives in the case); (3) SCR 3.130(1.4)(a)(4) (for failing to promptly comply with his client's reasonable request for information); (4) SCR 3.130(1.16)(d) (for abandoning representation of his client with no notice, and for failing to refund the unearned portion of the advanced

9

fee payment upon termination of representation); and (5) SCR 3.130(8.1)(b) (for knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority).

Grinnell admits to all 5 of the rule violations.

## H. KBA File 18-DIS-0055.

Samuel Stokley hired Grinnell in July of 2017 and paid him $2,000 to represent him in a divorce action. In August of 2017, Stokley asked Grinnell if he had filed a Motion to Obtain a Contribution toward the maintenance of the residence Stokley had shared with his wife. Grinnell told Stokley that he had filed the motion and that the hearing was set for September 8, 2017. Grinnell provided Stokley with an unsigned copy of a motion.

Stokley, having his doubts about Grinnell's representation, contacted another attorney. The new attorney discovered nothing had been filed in the divorce matter since March of 2017. Stokley then met with Grinnell—who could not provide an explanation for his failing to file anything in the case—and requested a refund of his $2,000 fee. Grinnell did not refund any portion of the fee.

The Inquiry Commission filed a 3-count charge against Grinnell for his misconduct in representing Stokley. The charge alleges the following rule violations: (1) SCR 3.130(1.3) (for failing to act with reasonable diligence and promptness in representing his client); (2) SCR 3.130(1.16)(d) (for failing to refund any unearned portion of the advanced fee payment upon termination of representation); and (3) SCR 3.130(8.4)(c) (for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation by misleading his client that a

10

motion had been filed and that the client's interests were being advanced in the case). Grinnell admits to all 3 of the rule violations.

## I. KBA File 18-DIS-0178.

Rhonda Honaker hired Grinnell in April of 2017 and paid him $3,090 for his representation in a divorce action. Grinnell advised Honaker that he would have matters completed by December of 2017. Grinnell did not file any documents on behalf of Honaker and has provided no evidence that he completed any work in her case. Honaker filed a bar complaint against Grinnell, which Grinnell was served with by the Madison County Sheriff's Office on August 2, 2018 along with a letter, through the Office of Bar Counsel, requesting more information regarding the complaint and advising him that failure to respond to the request could result in additional charges of misconduct. Grinnell did not respond to the complaint.

The Inquiry Commission filed a 5-count charge against Grinnell for his misconduct in representing Honaker. The charge alleges the following rule violations: (1) SCR 3.130(1.3) (for failing to act with reasonable diligence and promptness in representing his client); (2) SCR 3.130(1.4)(a)(3) (for failing to keep his client reasonably informed about her pending matter); (3) SCR 3.130(1.4)(a)(4) (for failing to promptly comply with a reasonable request for information from his client); (4) SCR 3.130(1.16)(d) (for failing to refund the unearned portion of the advanced fee payment upon termination of the representation); and (5) SCR 3.130(8.1)(b) (for failing to respond to a lawful demand for information from an admissions of disciplinary authority).

Grinnell admits to all 5 of the rule violations.

11

### J. KBA File 18-DIS-0232.

Krystal Fast hired Grinnell in May of 2017 and paid him $2,500 for his representation in getting full custody of her daughter. Grinnell filed a motion for shared parenting, but the representation was terminated shortly thereafter. Grinnell agreed to refund the unearned fee of $1,800, but he never did.

Fast filed a bar complaint in August of 2018. Grinnell was served with the complaint, as well as a letter advising him that a failure to respond to the complaint could result in an additional charge of misconduct, by the Madison County Sherriffs Office on September 18, 2018. Grinnell did not respond to the complaint.

The Inquiry Commission filed a 3-count charge against Grinnell for his misconduct in representing Fast. The charge alleges the following violations: (1) SCR 3.130(1.4)(a)(4) (for failing to promptly reply to Fast's requests to refund the unearned fee); (2) SCR 3.130(1.16)(d) (for failing to refund the unearned portion of the advanced fee payment upon termination of the representation); and (3) SCR 3.130(8.1)(b) (for failing to respond to lawful demand for information from an admissions or disciplinary authority).

Grinnell admits to all 3 rule violations.

### K. KBA File 18-DIS-0269.

Grinnell represented Nicholas DiTucci in a dissolution of marriage action in Kenton County between August 26, 2015 and April 28, 2017. DiTucci paid Grinnell $1,250 for the representation. In May of 2018, DiTucci contacted Grinnell to represent him to modify his custody and visitation. Grinnell quoted a fee of $2,000, which DiTucci paid. On July 16, 2018, DiTucci informed

12

Grinnell that he and his ex-wife had come to an agreement, he would therefore not need Grinnell's services. Grinnell stated that he would need a few weeks to process a refund of the unearned fee, but he never returned the fee.

In November of 2018, DiTucci filed a bar complaint against Grinnell. In Grinnell's response to the complaint, he stated that the $2,000 fee he received from DiTucci in May of 2018 was for an outstanding balance that DiTucci owed from the previous representation. But DiTucci was never informed that the $2,000 was for any outstanding balance, and Grinnell had never tried to collect any outstanding balance between April of 2017 and May of 2018. Instead, the $2,000 fee was quoted for the post-decree representation.

The Inquiry Commission filed a 3-count charge against Grinnell for his misconduct in representing DiTucci. The charge alleges the following violations: (1) SCR 3.130(1.4)(b) (for failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation when Grinnell told his client the quoted fee was for the post-decree representation, and failed to explain the fee was for an outstanding balance from the previous representation); (2) SCR 3.130(1.5)(b) (for failing to communicate with his client that the basis for a quoted fee was for an outstanding balance of a previous representation and, instead, telling his client the fee was for his current representation); and (3) SCR 2.130(1.16)(d) (for failing to return the unearned portion of an advanced fee when he was told his services were not needed and when he told his client he would refund the fee).

Grinnell admits to all 3 rule violations.

13

## L. KBA File 18-DIS-0291.

Pamela Leirey hired Grinnell in a custody matter in Kenton Circuit Court in April of 2017. Leirey paid Grinnell $3,500 for the representation. Grinnell filed a Response to a Verified Petition for Custody and Support on May of 2017, and, on July 14, 2017, he made one court appearance for a Motion for Temporary Joint Custody and Shared Parenting and Visitation.

After this appearance, Leirey requested that Grinnell file motions on her behalf regarding holiday visitations, medical expenses for her child, weekend visitation, and to schedule mediation between the parties. Grinnell did not file any of these motions, and he did not respond when Leirey sent him emails about the motions. In March of 2018, Leirey met with Grinnell and left paperwork necessary for Grinnell to file the motions on her behalf. Grinnell took no action, and Leirey met with another Kenton County attorney, who filed a Request for Production of Documents and a Motion for Modification of Child Support and Notice of Pre-Trial Conference of July 5, 2018.

In September of 2018, Leirey contacted Grinnell to terminate his representation. When he did not return her call, she sent him an email two days later terminating the representation and requesting he return her file and unearned fee. Grinnell did not return the file or the unearned fee.

The Inquiry Commission filed a 4-count charge against Grinnell for his misconduct in representing Leirey. The charge alleges the following violations: (1) SCR 3.130(1.2)(a) (for failing to abide by the client's decisions to file motions and other pleadings that she requested he prepare and file); (2) SCR 3.130(1.3) (for failing to act with reasonable diligence and promptness in representing his

14

client); (3) SCR 3.130(1.4)(a)(4) (for failing to promptly comply with reasonable requests for information from his client); and (4) SCR 3.130(1.16)(d) (for failing to return his clients file and unearned fee upon termination of his representation).

Grinnell admits to all 4 rule violations.

## M. KBA File 18-DIS-0330.

Christopher Lewis hired Grinnell in September of 2018 to represent him in a child custody and support case in Jessamine County. Lewis paid Grinnell $2,500 for the representation. Grinnell made one court appearance on behalf of Mr. Lewis in September of 2018, where the matter was continued by agreement and later set for October 31, 2018. On that day, Lewis was in court, but Grinnell failed to appear, and the matter was continued until November 7, 2018. Grinnell again failed to appear on November 7, and the matter was again continued to November 21, 2018. Grinnell failed to appear on that date as well. At this final hearing, Lewis explained to the judge that Grinnell had not responded to any of his text messages. Grinnell had never contacted the Circuit Court Clerk or Lewis to find out when the court dates were scheduled. Lewis terminated the representation soon after.

The Inquiry Commission filed a 3-count charge against Grinnell for his misconduct in representing Lewis. The charge alleges the following violations: (1) SCR 3.130(1.3) (for failing to act with reasonable diligence and promptness in representing a client); (2) SCR 3.130(1.4)(a)(4) (for failing to promptly comply with his client's reasonable requests for information); and (3) SCR

15

3.130(1.16)(d) (for failing to return the unearned portion of an advanced fee upon termination of the representation).

Grinnell admits to all 3 rule violations.

### N. KBA File 19-DIS-0101.

Stephanie Jackson hired Grinnell in July of 2018 to represent her in a divorce action in Fayette County. Jackson paid Grinnell $1,150 for the representation. Grinnell filed a Response to the petition for Dissolution and a Motion for Enlargement of Time in July of 2018 but took no other action in the case. Grinnell did not communicate the basis of his fee or return any of Jackson's calls about the status of her case. Jackson terminated the representation in April of 2019, and Grinnell has not returned the unearned portion of her fee.

The Inquiry Commission filed a 4-count charge against Grinnell for his misconduct in representing Jackson. The charge alleges the following violations: (1) SCR 3.130(1.3) (for failing to act with reasonable diligence and promptness in representing his client); (2) SCR 3.130(1.4)(a)(4) (for failing to comply with his client's reasonable requests for information); (3) SCR 3.130(1.5)(b) (for failing to communicate to his client the basis of his fee); and (4) SCR 3.130(1.16)(d) (for failing to return the unearned portion of an advanced fee when the representation was terminated).

Grinnell admits to all 4 rule violations.

### O. Grinnell's Disciplinary Record

Grinnell's disciplinary record includes a private admonition with the condition that he refund an advanced fee payment to a client in January 2017

for failing to act with reasonable diligence and promptness in representing the client, failing to comply with the client's reasonable request for information, and for failing to deposit a fee payment into an escrow account. Further, Grinnell had a private admonition in December 2017 for failing to respond to a lawful demand for information from an admissions or disciplinary authority. Grinnell received another private admonition in November 2018 for failing to communicate properly with a client and inform the client of a court's ruling in his case and for failing to respond to a lawful demand for information from an admissions or disciplinary authority. Finally, Grinnell received a private admonition in November 2019 for failing to comply promptly with a client's reasonable request for information.

## II. ANALYSIS.

Grinnell moves this Court to enter an order suspending him from the practice of law for one year, 180 days to serve, 185 days probated for 2 years with conditions that Grinnell attend the next scheduled Ethics and Professionalism Enhancement Program (EPEP) offered by the Office of Bar Counsel; he not incur any further charges of professional misconduct in the Commonwealth of Kentucky; he enroll in KYLAP to address his anxiety and depression; and that he pay back all of the unearned fees to his clients. Grinnell also moves this Court to dismiss Counts II and V of KBA File 23669.

The KBA states no objection to Grinnell's motion, and recommends that we impose the discipline Grinnell seeks, which was negotiated under SCR 3.480(2). As mitigation, Grinnell states that he suffers from anxiety and

17

depression because of family matters and agrees, as part of the negotiated discipline above, to seek professional help with KYLAP.

In support of the negotiated sanction, the KBA cites to this Court's recent opinion in *Kentucky Bar Ass'n v. Howell*.[2] In that case, Howell was found to have committed similar ethical violations as Grinnell but faced 10 consolidated charges and 31 counts of misconduct.[3] Howell also had 3 prior admonitions.[4] We suspended Howell for 181 days and ordered her to refund a total of $7,197 to 5 clients.

By contrast, Grinnell faces 14 charges and 55 counts of misconduct and will be required to refund a total of $26,440 to 14 clients. Grinnell also has 5 prior admonitions. While the negotiated sanction proposed in this case is for one year, Grinnell would be required to serve only the first 180 days—one day less than the suspension in *Howell*—as the remaining 185 days would be probated for 2 years with conditions. And this one-day variance makes a big difference. Under SCR 3.510(3),[5] Howell will not be reinstated to the practice of

---

[2] 568 S.W.3d 857 (Ky. 2019).

[3] *Id.* at 863.

[4] *Id.* at 858.

[5] SCR 3.510(3) provides the following:

> If the period of suspension has prevailed for more than 180 days, the matter shall be referred to the Character and Fitness Committee for proceedings under SCR 2.300. The Character and Fitness Committee will determine whether the application of a member who has been suspended 180 days or less but whose termination of suspension has been objected to, or a member who has been suspended for more than 180 days, should be approved. The Character and Fitness Committee shall file with the Director and the Clerk the entire record, including a written report and recommendation by the Character and Fitness Committee. Thirty days after the filing of the report, Bar Counsel and the applicant may each file briefs, not to exceed 30 pages in length. No further briefs may be filed. Upon motion of the parties or upon the Board's own motion, oral

18

law until she is first approved by the Character and Fitness Committee, the KBA considers her case and makes a recommendation to this Court, and finally, this Court approves her application for reinstatement to the practice of law. Under the negotiated sanction in this case, Grinnell would be automatically reinstated to the practice of law at the end of his 180-day suspension, per SCR 3.510(2), if the Bar Counsel does not file an objection.[6]

Given the fact that Grinnell's violations were both more numerous and caused greater economic harm to his clients—$19,243 more in un-refunded fees than in *Howell*—we find *Howell* distinguishable from the present case. We note also that this Court has imposed sanctions surpassing the 180-day threshold in cases with far fewer violations than were present even in *Howell*.[7] As such, we find the negotiated sanction in this case to be inadequate.

---

arguments may be scheduled before the Board. The Board shall review the record, report and briefs and recommend approval or disapproval of the application to the Court. The Court may enter an order reinstating the Applicant to the practice of law or deny the application.

[6] SCR 3.510(2) provides the following in relevant part:

If the period of suspension has prevailed for 180 days or less, the suspension shall expire by its own terms upon the filing with the Clerk and Bar Counsel of an affidavit of compliance with the terms of the suspension, which must include a certification from the CLE Commission that the Applicant has complied with SCR 3.685. The Registrar of the Association will make an appropriate entry in the records of the Association reflecting that the member has been reinstated; provided, however, that such suspension shall not expire by its own terms if, not later than 10 days preceding the time the suspension would expire, Bar Counsel files with the Inquiry Commission an opposition to the termination of suspension wherein Bar Counsel details such information as may exist to indicate that the member does not, at that time, possess sufficient professional capabilities and qualifications properly to serve the public as an active practitioner or is not of good moral character.

[7] *See Kentucky Bar Ass'n v. Thornton*, 392 S.W.3d 399 (Ky. 2013) (imposing a suspension of 181 days where the attorney was found guilty of 14 counts of ethical violations contained in 3 disciplinary charges, including, among others, failing to

19

## III. CONCLUSION.

For the reasons stated herein, we reject the negotiated sanction and remand the case to the KBA for further proceedings.

## IV. ORDER.

Therefore, the Court ORDERS that:

1. Eric Shane Grinnell's Motion for the Suspension from the Practice of Law, Probated with Conditions, is DENIED.

2. Grinnell's KBA Files 23699, 23757, 16-DIS-24251, 16-DIS-0176, 17-DIS-0370, 17-DIS-0425, 17-DIS-0258, 18-DIS-055, 18-DIS-0178, 18-DIS-0232, 18-DIS-0269, 18-DIS-0291, 18-DIS-0330, and 19-DIS-0101 shall be remanded to the KBA for further disciplinary proceedings pursuant to SCR 3.480(2). In the event Howell and Bar Counsel fail to reach a different proposal for consensual discipline within 90 days after the date of this order, the matter shall proceed as a contested matter in accordance with the Supreme Court Rules and any subsequent orders of this Court.

All sitting. All concur.

ENTERED: FEBRUARY 20, 2020

_____
CHIEF JUSTICE

---

provide competent representation, failing to act with reasonable diligence and promptness, and failing to keep a client reasonably informed about the status of a claim).

for his representation in her divorce. Grinnell filed the divorce petition in March of 2017. Whipple requested information regarding her case from Grinnell, but he did not reasonably communicate with her or respond to her requests. Whipple's last communication with Grinnell was in July of 2017, and she filed her own divorce forms with the court, pro se, in September of 2017.

Whipple filed a bar complaint against Grinnell in October of 2017. Grinnell was served with the bar complaint by the Madison County Sherriffs Office on November 13, 2017, and again by the KBA Executive Director on November 17, 2017. Grinnell did not respond to the complaint.

The Inquiry Commission filed a 5-count charge against Grinnell for his misconduct in representing Whipple. The charge alleges the following violations: (1) SCR 3.130(1.3) (for failing to diligently and promptly represent his client); (2) SCR 3.130(1.4)(a)(2) (for failing to consult with his client about accomplishing her objectives in the divorce case); (3) SCR 3.130(1.4)(a)(4) (for failing to respond to his client's reasonable requests for information); (4) SCR 3.130(1.16)(d) (for abandoning representation of his client with no notice, and for failing to refund the unearned portion of the advanced fee payment upon termination of representation); and (5) SCR 3.130(8.1)(b) (for knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority). Grinnell admits to all 5 of the rule violations.

**F. KBA File 17-DIS-0425.**

Amy Crowder hired Grinnell in March of 2017 and paid him $500 for representation in an uncontested divorce action. Grinnell did little, if anything, to advance Crowder's case until she provided him with a Notice to Dismiss for

7

Lack of Prosecution issued by the court on May 1, 2017. Upon receipt of the Notice, Grinnell called the court, and an Order to Remain on the Docket was entered on May 24, 2017.

Crowder provided Grinnell with all the relevant documents she had in her case and attempted to obtain information from Grinnell regarding her case. Grinnell did not provide Crowder with any information and did not reasonably respond to her requests. Grinnell did not file or prepare any documents in the case or provide Crowder any legal advice. Crowder's divorce was finalized on February 14, 2018, after she filed her own Motion to Submit the matter to the court.

The Inquiry Commission filed a 4-count charge against Grinnell for his misconduct in representing Crowder. The charge alleges the following rule violations: (1) SCR 3.130(1.3) (for failing to act with reasonable diligence and promptness in representing his client); (2) SCR 3.130(1.4)(a)(3) (for failing to keep his client reasonably informed about the status of her pending case); (3) SCR 3.130(1.4)(a)(4) (for failing to promptly comply with reasonable requests for information from his client); and (4) SCR 3.130(1.16)(d) (for failing to refund the unearned portion of the advanced fee payment upon termination of representation). Grinnell admits to all 4 of the rule violations.

**G. KBA File 17-DIS-0258.**

Terry Whitney hired Grinnell in April of 2016 and paid him $1,000 for representation in a divorce action. Grinnell later asked for an additional $200 filing fee, which Whitney paid. From April to June of 2016, Whitney tried unsuccessfully to get an update on the matter from Grinnell. Grinnell finally

8

filed a petition for dissolution of marriage in August of 2016. Whitney asked Grinnell to advance the divorce matter several times and to update the court with Whitney's new address in Florida, but Grinnell did neither.

Grinnell filed nothing else in the case after the initial petition, and Whitney was left to file a pro se Motion and Order for Final Decree in his case. The court then set the matter for a Case Management Conference in August of 2019, but because Grinnell had not advised the court of Whitney's new address, Whitney never received the court's order, and he missed the court date. The Court advised the parties they could retain jurisdiction if they wished to pursue the matter in Kentucky, or they could do nothing, and the case would be dismissed. The divorce has not been resolved.

Grinnell was served with a bar complaint on August 23, 2017, as well as a letter, from the Office of Bar Counsel, requesting more information regarding the complaint and advising him that failure to respond to the request could result in additional charges of misconduct. Grinnell did not respond to the bar complaint.

The Inquiry Commission filed a 5-count charge against Grinnell for his misconduct in representing Whitney. The charge alleges the following rule violations: (1) SCR 3.130(1.3) (for failing to act with reasonable diligence and promptness in representing his client); (2) SCR 3.130(1.4)(a)(2) (for failing to consult with his client about his objectives in the case); (3) SCR 3.130(1.4)(a)(4) (for failing to promptly comply with his client's reasonable request for information); (4) SCR 3.130(1.16)(d) (for abandoning representation of his client with no notice, and for failing to refund the unearned portion of the advanced

9

fee payment upon termination of representation); and (5) SCR 3.130(8.1)(b) (for knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority).

Grinnell admits to all 5 of the rule violations.

## H. KBA File 18-DIS-0055.

Samuel Stokley hired Grinnell in July of 2017 and paid him $2,000 to represent him in a divorce action. In August of 2017, Stokley asked Grinnell if he had filed a Motion to Obtain a Contribution toward the maintenance of the residence Stokley had shared with his wife. Grinnell told Stokley that he had filed the motion and that the hearing was set for September 8, 2017. Grinnell provided Stokley with an unsigned copy of a motion.

Stokley, having his doubts about Grinnell's representation, contacted another attorney. The new attorney discovered nothing had been filed in the divorce matter since March of 2017. Stokley then met with Grinnell—who could not provide an explanation for his failing to file anything in the case—and requested a refund of his $2,000 fee. Grinnell did not refund any portion of the fee.

The Inquiry Commission filed a 3-count charge against Grinnell for his misconduct in representing Stokley. The charge alleges the following rule violations: (1) SCR 3.130(1.3) (for failing to act with reasonable diligence and promptness in representing his client); (2) SCR 3.130(1.16)(d) (for failing to refund any unearned portion of the advanced fee payment upon termination of representation); and (3) SCR 3.130(8.4)(c) (for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation by misleading his client that a

10

motion had been filed and that the client's interests were being advanced in the case). Grinnell admits to all 3 of the rule violations.

## I. KBA File 18-DIS-0178.

Rhonda Honaker hired Grinnell in April of 2017 and paid him $3,090 for his representation in a divorce action. Grinnell advised Honaker that he would have matters completed by December of 2017. Grinnell did not file any documents on behalf of Honaker and has provided no evidence that he completed any work in her case. Honaker filed a bar complaint against Grinnell, which Grinnell was served with by the Madison County Sheriff's Office on August 2, 2018 along with a letter, through the Office of Bar Counsel, requesting more information regarding the complaint and advising him that failure to respond to the request could result in additional charges of misconduct. Grinnell did not respond to the complaint.

The Inquiry Commission filed a 5-count charge against Grinnell for his misconduct in representing Honaker. The charge alleges the following rule violations: (1) SCR 3.130(1.3) (for failing to act with reasonable diligence and promptness in representing his client); (2) SCR 3.130(1.4)(a)(3) (for failing to keep his client reasonably informed about her pending matter); (3) SCR 3.130(1.4)(a)(4) (for failing to promptly comply with a reasonable request for information from his client); (4) SCR 3.130(1.16)(d) (for failing to refund the unearned portion of the advanced fee payment upon termination of the representation); and (5) SCR 3.130(8.1)(b) (for failing to respond to a lawful demand for information from an admissions of disciplinary authority).

Grinnell admits to all 5 of the rule violations.

## J. KBA File 18-DIS-0232.

Krystal Fast hired Grinnell in May of 2017 and paid him $2,500 for his representation in getting full custody of her daughter. Grinnell filed a motion for shared parenting, but the representation was terminated shortly thereafter. Grinnell agreed to refund the unearned fee of $1,800, but he never did.

Fast filed a bar complaint in August of 2018. Grinnell was served with the complaint, as well as a letter advising him that a failure to respond to the complaint could result in an additional charge of misconduct, by the Madison County Sherriffs Office on September 18, 2018. Grinnell did not respond to the complaint.

The Inquiry Commission filed a 3-count charge against Grinnell for his misconduct in representing Fast. The charge alleges the following violations: (1) SCR 3.130(1.4)(a)(4) (for failing to promptly reply to Fast's requests to refund the unearned fee); (2) SCR 3.130(1.16)(d) (for failing to refund the unearned portion of the advanced fee payment upon termination of the representation); and (3) SCR 3.130(8.1)(b) (for failing to respond to lawful demand for information from an admissions or disciplinary authority).

Grinnell admits to all 3 rule violations.

## K. KBA File 18-DIS-0269.

Grinnell represented Nicholas DiTucci in a dissolution of marriage action in Kenton County between August 26, 2015 and April 28, 2017. DiTucci paid Grinnell $1,250 for the representation. In May of 2018, DiTucci contacted Grinnell to represent him to modify his custody and visitation. Grinnell quoted a fee of $2,000, which DiTucci paid. On July 16, 2018, DiTucci informed

12

Grinnell that he and his ex-wife had come to an agreement, he would therefore not need Grinnell's services. Grinnell stated that he would need a few weeks to process a refund of the unearned fee, but he never returned the fee.

In November of 2018, DiTucci filed a bar complaint against Grinnell. In Grinnell's response to the complaint, he stated that the $2,000 fee he received from DiTucci in May of 2018 was for an outstanding balance that DiTucci owed from the previous representation. But DiTucci was never informed that the $2,000 was for any outstanding balance, and Grinnell had never tried to collect any outstanding balance between April of 2017 and May of 2018. Instead, the $2,000 fee was quoted for the post-decree representation.

The Inquiry Commission filed a 3-count charge against Grinnell for his misconduct in representing DiTucci. The charge alleges the following violations: (1) SCR 3.130(1.4)(b) (for failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation when Grinnell told his client the quoted fee was for the post-decree representation, and failed to explain the fee was for an outstanding balance from the previous representation); (2) SCR 3.130(1.5)(b) (for failing to communicate with his client that the basis for a quoted fee was for an outstanding balance of a previous representation and, instead, telling his client the fee was for his current representation); and (3) SCR 2.130(1.16)(d) (for failing to return the unearned portion of an advanced fee when he was told his services were not needed and when he told his client he would refund the fee).

Grinnell admits to all 3 rule violations.

13

## L. KBA File 18-DIS-0291.

Pamela Leirey hired Grinnell in a custody matter in Kenton Circuit Court in April of 2017. Leirey paid Grinnell $3,500 for the representation. Grinnell filed a Response to a Verified Petition for Custody and Support on May of 2017, and, on July 14, 2017, he made one court appearance for a Motion for Temporary Joint Custody and Shared Parenting and Visitation.

After this appearance, Leirey requested that Grinnell file motions on her behalf regarding holiday visitations, medical expenses for her child, weekend visitation, and to schedule mediation between the parties. Grinnell did not file any of these motions, and he did not respond when Leirey sent him emails about the motions. In March of 2018, Leirey met with Grinnell and left paperwork necessary for Grinnell to file the motions on her behalf. Grinnell took no action, and Leirey met with another Kenton County attorney, who filed a Request for Production of Documents and a Motion for Modification of Child Support and Notice of Pre-Trial Conference of July 5, 2018.

In September of 2018, Leirey contacted Grinnell to terminate his representation. When he did not return her call, she sent him an email two days later terminating the representation and requesting he return her file and unearned fee. Grinnell did not return the file or the unearned fee.

The Inquiry Commission filed a 4-count charge against Grinnell for his misconduct in representing Leirey. The charge alleges the following violations: (1) SCR 3.130(1.2)(a) (for failing to abide by the client's decisions to file motions and other pleadings that she requested he prepare and file); (2) SCR 3.130(1.3) (for failing to act with reasonable diligence and promptness in representing his

14

client); (3) SCR 3.130(1.4)(a)(4) (for failing to promptly comply with reasonable requests for information from his client); and (4) SCR 3.130(1.16)(d) (for failing to return his clients file and unearned fee upon termination of his representation).

Grinnell admits to all 4 rule violations.

## M. KBA File 18-DIS-0330.

Christopher Lewis hired Grinnell in September of 2018 to represent him in a child custody and support case in Jessamine County. Lewis paid Grinnell $2,500 for the representation. Grinnell made one court appearance on behalf of Mr. Lewis in September of 2018, where the matter was continued by agreement and later set for October 31, 2018. On that day, Lewis was in court, but Grinnell failed to appear, and the matter was continued until November 7, 2018. Grinnell again failed to appear on November 7, and the matter was again continued to November 21, 2018. Grinnell failed to appear on that date as well. At this final hearing, Lewis explained to the judge that Grinnell had not responded to any of his text messages. Grinnell had never contacted the Circuit Court Clerk or Lewis to find out when the court dates were scheduled. Lewis terminated the representation soon after.

The Inquiry Commission filed a 3-count charge against Grinnell for his misconduct in representing Lewis. The charge alleges the following violations: (1) SCR 3.130(1.3) (for failing to act with reasonable diligence and promptness in representing a client); (2) SCR 3.130(1.4)(a)(4) (for failing to promptly comply with his client's reasonable requests for information); and (3) SCR

15

3.130(1.16)(d) (for failing to return the unearned portion of an advanced fee upon termination of the representation).

Grinnell admits to all 3 rule violations.

**N. KBA File 19-DIS-0101.**

Stephanie Jackson hired Grinnell in July of 2018 to represent her in a divorce action in Fayette County. Jackson paid Grinnell $1,150 for the representation. Grinnell filed a Response to the petition for Dissolution and a Motion for Enlargement of Time in July of 2018 but took no other action in the case. Grinnell did not communicate the basis of his fee or return any of Jackson's calls about the status of her case. Jackson terminated the representation in April of 2019, and Grinnell has not returned the unearned portion of her fee.

The Inquiry Commission filed a 4-count charge against Grinnell for his misconduct in representing Jackson. The charge alleges the following violations: (1) SCR 3.130(1.3) (for failing to act with reasonable diligence and promptness in representing his client); (2) SCR 3.130(1.4)(a)(4) (for failing to comply with his client's reasonable requests for information); (3) SCR 3.130(1.5)(b) (for failing to communicate to his client the basis of his fee); and (4) SCR 3.130(1.16)(d) (for failing to return the unearned portion of an advanced fee when the representation was terminated).

Grinnell admits to all 4 rule violations.

**O. Grinnell's Disciplinary Record**

Grinnell's disciplinary record includes a private admonition with the condition that he refund an advanced fee payment to a client in January 2017

16

for failing to act with reasonable diligence and promptness in representing the client, failing to comply with the client's reasonable request for information, and for failing to deposit a fee payment into an escrow account. Further, Grinnell had a private admonition in December 2017 for failing to respond to a lawful demand for information from an admissions or disciplinary authority. Grinnell received another private admonition in November 2018 for failing to communicate properly with a client and inform the client of a court's ruling in his case and for failing to respond to a lawful demand for information from an admissions or disciplinary authority. Finally, Grinnell received a private admonition in November 2019 for failing to comply promptly with a client's reasonable request for information.

## II. ANALYSIS.

Grinnell moves this Court to enter an order suspending him from the practice of law for one year, 180 days to serve, 185 days probated for 2 years with conditions that Grinnell attend the next scheduled Ethics and Professionalism Enhancement Program (EPEP) offered by the Office of Bar Counsel; he not incur any further charges of professional misconduct in the Commonwealth of Kentucky; he enroll in KYLAP to address his anxiety and depression; and that he pay back all of the unearned fees to his clients. Grinnell also moves this Court to dismiss Counts II and V of KBA File 23669.

The KBA states no objection to Grinnell's motion, and recommends that we impose the discipline Grinnell seeks, which was negotiated under SCR 3.480(2). As mitigation, Grinnell states that he suffers from anxiety and

17

depression because of family matters and agrees, as part of the negotiated discipline above, to seek professional help with KYLAP.

In support of the negotiated sanction, the KBA cites to this Court's recent opinion in *Kentucky Bar Ass'n v. Howell*.[2] In that case, Howell was found to have committed similar ethical violations as Grinnell but faced 10 consolidated charges and 31 counts of misconduct.[3] Howell also had 3 prior admonitions.[4] We suspended Howell for 181 days and ordered her to refund a total of $7,197 to 5 clients.

By contrast, Grinnell faces 14 charges and 55 counts of misconduct and will be required to refund a total of $26,440 to 14 clients. Grinnell also has 5 prior admonitions. While the negotiated sanction proposed in this case is for one year, Grinnell would be required to serve only the first 180 days—one day less than the suspension in *Howell*—as the remaining 185 days would be probated for 2 years with conditions. And this one-day variance makes a big difference. Under SCR 3.510(3),[5] Howell will not be reinstated to the practice of

---

[2] 568 S.W.3d 857 (Ky. 2019).

[3] *Id.* at 863.

[4] *Id.* at 858.

[5] SCR 3.510(3) provides the following:

> If the period of suspension has prevailed for more than 180 days, the matter shall be referred to the Character and Fitness Committee for proceedings under SCR 2.300. The Character and Fitness Committee will determine whether the application of a member who has been suspended 180 days or less but whose termination of suspension has been objected to, or a member who has been suspended for more than 180 days, should be approved. The Character and Fitness Committee shall file with the Director and the Clerk the entire record, including a written report and recommendation by the Character and Fitness Committee. Thirty days after the filing of the report, Bar Counsel and the applicant may each file briefs, not to exceed 30 pages in length. No further briefs may be filed. Upon motion of the parties or upon the Board's own motion, oral

18

law until she is first approved by the Character and Fitness Committee, the KBA considers her case and makes a recommendation to this Court, and finally, this Court approves her application for reinstatement to the practice of law. Under the negotiated sanction in this case, Grinnell would be automatically reinstated to the practice of law at the end of his 180-day suspension, per SCR 3.510(2), if the Bar Counsel does not file an objection.[6]

Given the fact that Grinnell's violations were both more numerous and caused greater economic harm to his clients—$19,243 more in un-refunded fees than in *Howell*—we find *Howell* distinguishable from the present case. We note also that this Court has imposed sanctions surpassing the 180-day threshold in cases with far fewer violations than were present even in *Howell*.[7] As such, we find the negotiated sanction in this case to be inadequate.

---

arguments may be scheduled before the Board. The Board shall review the record, report and briefs and recommend approval or disapproval of the application to the Court. The Court may enter an order reinstating the Applicant to the practice of law or deny the application.

[6] SCR 3.510(2) provides the following in relevant part:

If the period of suspension has prevailed for 180 days or less, the suspension shall expire by its own terms upon the filing with the Clerk and Bar Counsel of an affidavit of compliance with the terms of the suspension, which must include a certification from the CLE Commission that the Applicant has complied with SCR 3.685. The Registrar of the Association will make an appropriate entry in the records of the Association reflecting that the member has been reinstated; provided, however, that such suspension shall not expire by its own terms if, not later than 10 days preceding the time the suspension would expire, Bar Counsel files with the Inquiry Commission an opposition to the termination of suspension wherein Bar Counsel details such information as may exist to indicate that the member does not, at that time, possess sufficient professional capabilities and qualifications properly to serve the public as an active practitioner or is not of good moral character.

[7] *See Kentucky Bar Ass'n v. Thornton*, 392 S.W.3d 399 (Ky. 2013) (imposing a suspension of 181 days where the attorney was found guilty of 14 counts of ethical violations contained in 3 disciplinary charges, including, among others, failing to

19

## III. CONCLUSION.

For the reasons stated herein, we reject the negotiated sanction and remand the case to the KBA for further proceedings.

## IV. ORDER.

Therefore, the Court ORDERS that:

1. Eric Shane Grinnell's Motion for the Suspension from the Practice of Law, Probated with Conditions, is DENIED.

2. Grinnell's KBA Files 23699, 23757, 16-DIS-24251, 16-DIS-0176, 17-DIS-0370, 17-DIS-0425, 17-DIS-0258, 18-DIS-055, 18-DIS-0178, 18-DIS-0232, 18-DIS-0269, 18-DIS-0291, 18-DIS-0330, and 19-DIS-0101 shall be remanded to the KBA for further disciplinary proceedings pursuant to SCR 3.480(2). In the event Howell and Bar Counsel fail to reach a different proposal for consensual discipline within 90 days after the date of this order, the matter shall proceed as a contested matter in accordance with the Supreme Court Rules and any subsequent orders of this Court.

All sitting. All concur.

ENTERED: FEBRUARY 20, 2020

_____
CHIEF JUSTICE

---

provide competent representation, failing to act with reasonable diligence and promptness, and failing to keep a client reasonably informed about the status of a claim).

20